UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FLOR HERNANDEZ, on her own behalf
and on behalf of all others similarly situated,

                            Plaintiff,

                                              **CLASS ACTION COMPLAINT**

-against-

                                                JURY TRIAL DEMANDED

BALOGH BECKER, LTD.

                            Defendant.
-------------------------------------------------------------------X

       Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Flor Hernandez (hereinafter "Hernandez") is a resident of the State of New York, New York County. On or about September 13, 2006, plaintiff received and came into contact with a form debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5. Defendant Balogh Becker, Ltd. is a Minnesota Corporation. Its principal executive office is located at 4150 Olson Memorial Highway, Suite 200, Minneapolis, Minnesota. Defendant attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-21, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Balogh Becker, Ltd.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692(d), 1692e, 1692e(10), 1692g and 1692g(a)(3).

    b. Whether plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about September 13, 2005, defendant mailed a collection letter addressed to Personal Representative for the Estate of MONICO HERNANDEZ. Upon receipt of defendant's letter, plaintiff opened and read it. The letter demanded payment of a debt allegedly owe by plaintiff originally to CITICORP CREDIT SERVICES INC (USA). A copy of said letter is annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The letter violated numerous provisions of the FDCPA by sending collection letters to family members who are not obligated to satisfy the debt of the deceased while simultaneously stating that the recipient must dispute the debt or the debt will be presumed valid.

18. Defendant used false representations and deceptive means to collect a debt due to another in violation of 15 U.S.C §§ 1692e and 1692e(10) by attempting to collect a debt under the guise of a condolence letter addressed to a non specific person.

19. Defendant engaged in harassing and abusive conduct by contacting unnamed parties who are not obligated to satisfy a debt in violation of 15 U.S.C. § 1692d.

20. Defendant violated 15 U.S.C. § 1692g(a)(3) by requiring plaintiff, who is "not personally liable for the balance" to dispute the validity of the debt to rebut the debt collectors presumption of the validity of the debt.

21. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages;

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: April 5, 2006
Uniondale, New York

                                              Abraham Kleinman (AK-6300)
                                              Lawrence Katz   (LK-0062)
                                              Katz & Kleinman PLLC
                                              626 Reckson Plaza
                                              Uniondale, New York 11556-0626
                                              Telephone (516) 522-2621
                                              Facsimile   (888) 903-8400

**EXHIBIT A**

JAMES A. BALOGH
GARY W. BECKER - FL, IL, MN, WI
*CREDITOR'S RIGHTS SPECIALIST
AMERICAN BOARD OF CERTIFICATION

CHELSEA A. WHITLEY - MN, WI
ANGELA M. HORN - MN
MICHAEL D. JOHNSON - MN
MARY ELLEN WEEMAN - KS, MN, MO
THERSIA O. LEE - MN
CHAD J. BOLINSKE - MN
STEVEN M. TOMS - MN
JASON R. FOSTER - MN
MEAGAN M. PROBST - MN
MICHAEL J. DOUGHERTY - MN
MICHAEL D. BOLINSKE - MN, OR
JILL M. GEMLO - MN
EMILY L. FINGER - MN
ANDREW S. MILLER - MN
MATTHEW R. EICHENLAUB - MN
NAOMI R. HOWLAND - MN, OH
JENIFER C. MELBY - NJ, TX
ROBIN R. LEDONNE - CA, MN

# BALOGH BECKER, LTD.
## ATTORNEYS AT LAW

SEND ALL WRITTEN REPLIES TO:

4150 OLSON MEMORIAL HIGHWAY, SUITE 200
MINNEAPOLIS, MINNESOTA 55422-4811

TELEPHONE 763-852-8440
FAX 866-234-0503
TOLL-FREE 866-234-0513

September 13, 2005

ARIZONA OFFICE:
64 E. BROADWAY ROAD
SUITE 175
TEMPE, AZ 85282
DIANA THEOS - AZ, CO
SARAH DE LA ROSA - AZ

FLORIDA OFFICE:
120 SOUTH OLIVE AVENUE
SUITE 501
WEST PALM BEACH, FL 33401
ANTHONY J. MANISCALCO - FL

OF COUNSEL:
LITOW LAW OFFICES, P.C.
(IOWA)

LUSTIG, GLASER & WILSON, P.C.
(MASSACHUSETTS)

**Account Number**
5398570051865591

**Amount Due**
1627.10

**Reference Number**
1624817

Dear Sir or Madam:

Our law firm represents CITICORP CREDIT SERVICES INC. (USA) We have learned that MONICO HERNANDEZ, who was a valued customer, has passed away. Our client sent this account to our law firm for professional handling. Please accept condolences from our client and our law firm for your loss.

As indicated above, there is an unpaid balance on this account. CITICORP CREDIT SERVICES INC. (USA) has asked us to explore resolving this matter and we are asking you for your assistance. You, of course, are not personally liable for the balance. However, if you have information about the estate, please contact us toll free at 1-866-234-0513.

Again, we are sincerely sorry for your loss.

Cordially,
**Balogh Becker Ltd.**
Attorneys at Law

**IMPORTANT NOTICE**

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty days from receiving this notice, this office will obtain verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This letter is from a debt collector.

***Detach Lower Portion and Return With Payment***

CONBAL0017025

LAW FIRM OF BALOGH BECKER, LTD
4150 Olson Memorial Highway, Suite 200
Minneapolis, MN 55422-4811
ADDRESS SERVICE REQUESTED

Account #: 1624817
Balance: $1627.10

Client ID: CITI32

Amount Enclosed: $ _____

September 13, 2005

#BWNHRMD   564861   30806
#0913 0456 0030 8069#   1624817-7025

Personal Representative for the Estate of:
MONICO HERNANDEZ
126 E 3rd St
Apt 18
New York NY 10009-7620

BALOGH BECKER, LTD
4150 Olson Memorial Highway Suite 200
Minneapolis MN 55422-4811